Marvia A. COWART, SSN 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,
Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 81-7124
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 30, 1981.

Donald B. Hanna, Decatur, Ga., for plaintiff-appellant.

Bernard E. Namie, Asst. U. S. Atty., Macon, Ga., for defendant-appellee.

Before TJOFLAT, VANCE and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Marvia A. Cowart appeals from the judgment of the district court affirming a decision by the Secretary of Health and Human Services (Secretary) denying Mrs. Cowart's claim for disability insurance benefits under the Social Security Act. The district court found that the Secretary's decision was supported by substantial evidence and thus affirmed. After a careful review of the record in this case, we conclude, for several reasons, that Mrs. Cowart did not receive a "full and fair hearing" in the administrative proceedings. Accordingly, we reverse the judgment of the district court and remand this case with instructions that it be returned to the Secretary for further proceedings consistent with this opinion.

FACTS

The appellant, Marvia A. Cowart, worked as a nurse from 1962 until October 1978. On October 25, 1978, Mrs. Cowart underwent surgery to correct a bloodvessel malformation in her brain. Following this surgery, complications ensued and Mrs. Cowart required further operations on November 2, 1978, and November 17, 1978. On March 21, 1979, Mrs. Cowart filed an application for Social Security disability insurance benefits, alleging disability due to certain aftereffects of her surgery. Mrs. Cowart's claim was denied on May 10, 1979. On July 3, 1979, Mrs. Cowart filed a request for reconsideration of her claim. After reconsideration, her claim again was denied on August 6, 1979.

On October 4, 1979, Mrs. Cowart filed a request for a hearing before an administrative law judge (ALJ). This hearing was held on January 3, 1980, and lasted for 40 minutes. Mrs. Cowart appeared at the hearing without counsel. The only witnesses appearing before the ALJ were Mrs. Cowart and her husband, David Cowart. Mrs. Cowart testified that her disability consisted of the following ailments: vision impairment, difficulty in concentrating, severe headaches, nervousness, partial loss of

sensation in her left leg, a history of seizures, side effects from prescribed medications, poor balance, a tendency to drop things, and speech impairment. Subsequent to the hearing, the ALJ arranged for Mrs. Cowart to be examined by two physicians, one a neurologist and the other an ophthalmologist. These physicians submitted reports to the ALJ, who incorporated the reports into the record of the hearing.

The ALJ found that Mrs. Cowart, although unable to perform her prior work as a nurse, was able to perform the requirements of sedentary work activity. He thus determined that Mrs. Cowart did not qualify for disability insurance benefits and denied her claim on April 9, 1980. On June 12, 1980, Mrs. Cowart filed a request for review of the ALJ's decision by the Appeals Council. This request was denied on July 15, 1980. The decision of the ALJ therefore became the final decision of the Secretary.

Mrs. Cowart appealed the Secretary's decision to the district court under 42 U.S.C. §§ 405(g) and 1383(c)(3). The district court affirmed on the ground that the Secretary's decision was supported by substantial evidence. Mrs. Cowart thereupon appealed to this court, claiming that she was denied due process of law because the district court failed to consider and comment upon all issues raised before it by the appellant. We find no merit in this contention as such. We do find serious procedural deficiencies in the administrative proceedings and we believe that justice requires reversal of the district court judgment.

The Secretary contends that the only issue before this court is whether the decision of the Secretary is supported by substantial evidence. This assertion is correct only insofar as our review of the merits of appellant's disability claim is concerned. This is not correct when an appellant raises a due process issue, and intervening cases, which we will later discuss, clarify Social Security claimants' right to counsel.

ADEQUACY OF NOTICE OF RIGHT TO COUNSEL

A claimant has a statutory right to counsel at a Social Security hearing. 42

U.S.C. § 406. The Secretary has a duty to notify the claimant of this right prior to such a hearing. *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981). In several recent cases, this circuit has concluded that the Secretary's notice to the claimant of the right to counsel was inadequate. *See Peppers v. Schweiker*, 654 F.2d 369 (5th Cir. 1981); *Benson v. Schweiker*, 652 F.2d 406 (5th Cir. 1981); *Clark v. Schweiker*, 652 F.2d 399 (5th Cir. 1981); *Doss v. Harris*, 638 F.2d 1354 (5th Cir. 1981). In the case *sub judice*, the Secretary provided the following notice concerning the appellant's right to counsel at the hearing before the ALJ:

> While it is not required, you may be represented at the hearing by an attorney or other qualified person of your choice. If [you] wish attorney representation and cannot afford it, your social security office will provide a list of offices where you may be able to obtain representation. Any fee which your representative wishes to charge must be approved by the Bureau of Hearings and Appeals, and your representative must furnish you with a copy of the petition.

> If you are found entitled to benefits and your representative is an attorney, 25 percent of your back benefits will normally be withheld for payment to your attorney upon approval of his fee. If the approved fee is less than the 25 percent withheld, the difference will be paid directly to you. If the approved fee is more than 25 percent, payment of the difference is a matter to be settled between you and your attorney.

> If your representative is not an attorney, none of your benefits will be withheld; and payment of the fee which is approved is a matter to be settled between you and him.

This notice is substantially the same as the notices involved in *Peppers, Clark,* and *Benson. See Peppers v. Schweiker, supra,* at 370; *Benson v. Schweiker,* 652 F.2d at 407–08; *Clark v. Schweiker,* 652 F.2d at 401. On the basis of these cases and for the reasons stated therein, we hold that the notice to Mrs. Cowart was inadequate.

### WAIVER OF RIGHT TO COUNSEL

The ALJ stated in his decision that Mrs. Cowart "*wished* to proceed without an attorney or representative." (Emphasis supplied.) If Mrs. Cowart in fact had *wished* to proceed without counsel, of course, this would constitute a waiver of her right to counsel. The ALJ's conclusion that Mrs. Cowart waived the right to counsel was based on the following exchange at the hearing:

> ALJ: You were advised in the notice of hearing and correspondence that our office had with you about your right to have a lawyer or other qualified person here to aid you at this hearing. Did you read and understand this?

> CLAIMANT: Yes, yes.

> ALJ: And you're here without a lawyer so can I assume that you wish to proceed without one?

> CLAIMANT: Yes, as of now, I don't have one.

We do not agree that Mrs. Cowart's statement at the hearing evinced a "wish" to proceed without counsel. To the contrary, it seems clear from the following statements made before the ALJ by Mrs. Cowart's husband, David, that Mrs. Cowart wished to proceed with counsel, but was unsuccessful in her attempts to obtain free public counsel and could not afford private counsel:

> ALJ: Okay, and what did you want to tell me?

> DAVID COWART: That she said—well, you said from the beginning about the lawyer. We read the papers, and we called the public service office, which is here in town.

> ALJ: Uh-huh.

> DAVID COWART: And they could not—they said that I made too much for them to represent her. And with the doctor bills that we have, I was unable to obtain a lawyer because (INAUDIBLE). She have [sic] seven doctors that she go [sic] to, and we don't have any help with any of them. This is one full reason why we don't have a lawyer.

ALJ: Okay.

On the basis of this testimony, we conclude that Mrs. Cowart's failure to obtain counsel was due to her inability to afford counsel rather than a "wish" to proceed without counsel. Thus, we hold that there was no waiver of Mrs. Cowart's right to be represented by counsel at the ALJ hearing. For reasons expressed throughout the remainder of this opinion, we also hold that Mrs. Cowart was prejudiced by the lack of counsel.

## FULL AND FAIR HEARING

■ Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. This obligation exists even if the claimant is represented by counsel, *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979), or has waived the right to representation, *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981). Where the right to representation has not been waived, as in this case, the ALJ's " 'basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appears before him.' " *Clark v. Schweiker*, 652 F.2d at 404 (quoting *Barker v. Harris*, 486 F.Supp. 846, 849 (N.D.Ga.1980)). This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978); *Gold v. Secretary of Health, Education & Welfare*, 463 F.2d 38, 43 (2d Cir. 1972). The ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Cox v. Califano*, 587 F.2d at 991 (quoting *Rosa v. Weinberger*, 381 F.Supp. 377, 381 (E.D.N.Y. 1974)).

■ We hold that the ALJ failed to discharge his special duty to develop the facts in this case. The ALJ apparently made little or no effort to elicit evidence favorable to Mrs. Cowart's claim. For example, at the hearing, the ALJ had Mrs. Cowart's husband, David, before him, yet he failed to ask David any questions regarding Mrs. Cowart's condition. Such testimony clearly would have been relevant and quite likely would have been favorable for Mrs. Cowart. We realize that testimony from a claimant's spouse might be accorded less weight than testimony from a disinterested witness, but this provides no good reason to fail to elicit the testimony in the first place. We cannot say that the ALJ "scrupulously and conscientiously" explored for all the relevant facts, nor that he was "especially diligent in ensuring that favorable . . . facts are elicited," in light of his failure to elicit such readily available testimony.

■ The ALJ also failed to develop a full and fair record for several other reasons. First, the decision rendered by the ALJ does not make clear the weight accorded to the various testimony considered. The decision states only that the ALJ "has carefully considered all of the testimony . . . and exhibits . . . and has given weight to each as he feels should be properly accorded to it." This statement tells us nothing whatsoever—it goes without saying that the ALJ gave the testimony the weight he believed should be accorded to it. What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' " *Stawls .v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979) (quoting *Arnold v. Secretary of HEW*, 567 F.2d 258, 259 (4th Cir. 1977)).

■■ Second, the ALJ made no mention of any specific jobs that Mrs. Cowart is capable of performing. Although the burden of proving disability is on the claimant, 42 U.S.C. § 423(d)(5) (1976); *Western v.*

*Harris,* 633 F.2d 1204, 1206 (5th Cir. 1981), once the claimant establishes a prima facie case by showing that her impairment prevents her from performing her prior occupation, the burden shifts to the Secretary, who must produce evidence to show that the claimant is able to perform alternative substantial gainful work that exists in the national economy. *Western v. Harris,* 633 F.2d at 1206; *Lewis v. Weinberger,* 515 F.2d 584, 587 (5th Cir. 1975); *Dousewisz v. Harris,* 646 F.2d 771, 772 (2d Cir. 1981); *Hall v. Secretary of HEW,* 602 F.2d 1372, 1375 (9th Cir. 1979); *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978); *Small v. Califano,* 565 F.2d 797, 800 (1st Cir. 1977); *Thompson v. Mathews,* 561 F.2d 1294, 1296 (8th Cir. 1977); *McLamore v. Weinberger,* 538 F.2d 572, 574 (4th Cir. 1976); *Meneses v. Secretary of HEW,* 442 F.2d 803, 807 (D.C.Cir.1971). To meet this burden, "[i]t is incumbent on the Secretary at a minimum, to come forward with specific findings showing that the claimant has the physical and mental capacity to perform specified jobs . . . ." [1] *Hall v. Secretary of HEW,* 602 F.2d at 1377. The ALJ's decision states merely that "[c]laimant is able to perform the requirements of sedentary work activity." A general finding of this nature fails to demonstrate that the Secretary has met the burden of showing that the claimant retains the residual capacity to work. *Hall v. Secretary of HEW,* 602 F.2d at 1377; *Hephner v. Mathews,* 574 F.2d at 362–63.

 Ordinarily, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert. *See Hall v. Secretary of HEW,* 602 F.2d at 1377; *O'Banner v. Secretary of HEW,* 587 F.2d 321, 323 (6th Cir. 1978); *Garrett v. Richardson,* 471 F.2d 598, 603–04 (8th Cir. 1972). Although there is no *per se* rule that a vocational expert be called to testify, *Hall v. Secretary of HEW,* 602 F.2d at 1377; *O'Banner v. Secretary of HEW,* 587 F.2d at 323, the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not "mere intuition or conjecture by the administrative law judge." *O'Banner v. Secretary of HEW,* 587 F.2d at 323. In the case *sub judice,* the ALJ did not elicit testimony from a vocational expert, nor any other testimony, regarding specific jobs that Mrs. Cowart is able to perform. We hold, therefore, that the ALJ failed to meet his duty of developing a full and fair record. Furthermore, the absence of such testimony indicates that Mrs. Cowart was prejudiced by the lack of counsel, for any able attorney would have insisted that the ALJ produce a vocational expert to testify as to this matter. As this circuit recently observed in *Brenem v. Harris,* 621 F.2d 688 (5th Cir. 1980), "[t]he very fact that the vocational expert was insufficiently questioned in the interrogatories is ample evidence that [appellant] may have been prejudiced by the lack of counsel." *Id.* at 690–91. In the case under review, there was not only insufficient questioning of a vocational expert—there was *no* questioning of a vocational expert. This would seem to be more than ample evidence that appellant was prejudiced by the lack of counsel.

1. We are aware that the Secretary recently promulgated regulations purporting to take administrative notice of the existence of jobs in the national economy, thereby making it unnecessary for the ALJ to articulate specific jobs that exist and that the claimant is capable of performing. *See* 20 C.F.R. Part 404, Subpart P, App. 2, §§ 200.00–204.00 (1981). The ALJ applied these regulations in denying Mrs. Cowart's claim. Whether reliance on these regulations is sufficient to meet the Secretary's burden is the subject of disagreement among the courts that have considered the question. *Compare, e. g., Maurer v. Harris,* 502 F.Supp. 320, 322–24 (D.Or.1980), *and Santise v. Harris,* 501 F.Supp. 274 (D.N.J.1980), *with Ward v. Harris,* 515 F.Supp. 859, 867–68 (W.D.Okl. 1981), *and Simonsen v. Secretary of Health and Human Services,* 512 F.Supp. 1064, 1065–66 (S.D.Cal.1981). We have serious doubts whether these regulations standing alone can be used to meet the burden placed on the Secretary once a prima facie case of disability is established by the claimant. We do not reach this issue, however, because the regulations do not apply in cases where, as here, the claimant alleges nonexertional kinds of impairments. 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(e); *Walker v. Harris,* 504 F.Supp. 806, 811 (D.Kan. 1980); *Maurer v. Harris,* 502 F.Supp. 320, 323–24 (D.Or.1980); *Fields v. Harris,* 498 F.Supp. 478, 492 (N.D.Ga.1980); *Phillips v. Harris,* 488 F.Supp. 1161, 1166 (W.D.Va.1980).

The ALJ further failed in his duty to develop the record fully because he neither elicited testimony nor made any findings regarding the effect of Mrs. Cowart's prescribed medications upon her ability to work. At the hearing, Mrs. Cowart testified that she was taking the following medications: Diazide, Dilantin, Phenobarbitol, Inderol, Flexeril, Butazolidin-Alka, and Decadron. Mrs. Cowart stated that, as a result of taking these drugs, she was "kind of zonked most of the time." It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability. This fact was recognized by the First Circuit in *Figueroa v. Secretary of HEW*, 585 F.2d 551 (1st Cir. 1978), and indeed is even recognized by the Secretary's own regulations, 20 C.F.R. Part 404, Subpart P, App. 1, § 11.00 (1981). The following language from *Figueroa* is directly applicable to the case under review:

> The present record contains no medical evidence regarding whether appellant's medication was in "unusually large doses" or whether its side effects might conceivably be disabling. While appellant's claim might be exaggerated, a layman is in no position to make any such determination on this record. It would have been appropriate for the administrative law judge to have sought further medical evidence, or to have made some further inquiry, since appellant raised the question. *See Thompson v. Califano*, 556 F.2d 616, 618 (1st Cir. 1977); *Miranda v. Secretary*, 514 F.2d 996 (1st Cir. 1975). At very least, the administrative law judge should have made a finding on appellant's claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored.

585 F.2d at 554.

We also find the administrative proceedings to be procedurally deficient in one final respect. The ALJ's decision ap-

parently was based in large part on written reports submitted post-hearing by two physicians who examined Mrs. Cowart at the request of the ALJ. "The Secretary's reliance upon such reports ... has been held to invalidate a decision denying benefits where the claimant was afforded no opportunity to subpoena and cross-examine the declarant." *Gullo v. Califano*, 609 F.2d 649, 650 (2d Cir. 1979) (citing *Lonzollo v. Weinberger*, 534 F.2d 712 (7th Cir. 1976)). Mrs. Cowart was not given an opportunity to examine or challenge these reports, nor to cross-examine the physicians, prior to the ALJ's decision.[2] Therefore, the decision of the ALJ must be invalidated on this ground as well. Regarding this point, we note with approval the following language in *Gullo v. Califano*, where the Second Circuit was faced with similar facts:

> The procedures utilized in the case at bar denied the claimant any opportunity to rebut Dr. Miller's report, and, since the hearing judge's substantial reliance upon the Miller report is clear, due process has been denied. Consequently, we view with some alarm the Secretary's confident assertion that "it is not uncommon for the ALJ to receive reports subsequent to the administrative hearing," especially if such unchallenged submissions supply the basis for decision.

609 F.2d at 650.

For the reasons expressed in this opinion, we hold that Mrs. Cowart was denied a full and fair hearing before the ALJ. Accordingly, the judgment of the district court is reversed and the case is remanded with instructions that it be returned to the Secretary for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

**2.** In the transcript of the hearing before the ALJ, it is noted that Mrs. Cowart "waived" her right to see this evidence prior to its entry into the record. Although Mrs. Cowart did execute a standard waiver form to this effect, we hold that the asserted waiver was invalid in light of her lack of counsel. The execution of this "waiver" is further evidence that Mrs. Cowart was prejudiced by the lack of counsel, for no able attorney would have agreed to a waiver of the right to examine and challenge such evidence.