[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 26, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 05-12487
Non-Argument Calendar

_____

D. C. Docket No. 03-00157-CV-1-MMP-AK

JIMMY NATION,

Plaintiff-Appellant,

versus

JO ANNE BARNHART,
Commissioner of the Social
Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 26, 2005)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Jimmy Nation appeals the district court's order affirming the

Commissioner's denial of his application for supplemental security income. Nation asserts (1) the administrative law judge (ALJ) failed to fully and fairly develop the record, and (2) the ALJ's hypothetical was defective because it failed to include all of his severe impairments.[1]  We affirm the Commissioner's decision.

## I.  DISCUSSION

### A.  *MRFC form*

Nation asserts the ALJ did not fully and fairly develop the record because Dr. Legum did not complete a MRFC form, and specifically asserts Dr. Legum did not address Nation's ability to work full-time.  Nation contends the only way to address this issue is for Dr. Legum to answer questions 7 and 11 of the MRFC form.[2]

---

[1]  The Commissioner raises the issue of whether Nation has waived his arguments on appeal by failing to object to the magistrate's Report and Recommendation (R&R).  A "magistrate's finding on [a] factual issue, adopted by the district court without objection by either party, is not subject to attack on appeal except on grounds of plain error or manifest injustice."  *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988) (internal quotations omitted).  Neither party filed objections to the R&R.  Thus, we may review factual findings for plain error only.  *Id.*  We have not yet extended this limitation on review to the magistrate's legal conclusions.  Under any standard of review, however, Nation's claims fail.

[2]  Question 7 asks the physician completing the form to determine whether the patient's "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" is "not significantly limited, "moderately limited,"  "markedly limited," "no evidence of limitation in this category," or "not ratable on available evidence."
Question 11 asks whether the patient's "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" is "not significantly limited, "moderately limited," "markedly limited," "no evidence of limitation in this category," or "not ratable on available evidence."

The ALJ has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony is not necessary for an informed decision. *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen*, 848 F.2d 1206, 1209–10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

The Work-Related Form completed by Dr. Legum addressed the issues in questions 7 and 11 of the MRFC form. The Work-Related Form asked for Dr. Legum's assessment of Nation's ability to "Perform activities within a schedule, maintain regular attendance, and be punctual." Dr. Legum opined Nation was "fair" in this category. This question mirrors question 7 of the MRFC form. Further, the Work-Related Form covers topics including Nations ability to: (1) "Complete a normal workday or workweek," (2) "Perform at a consistent pace," (3) "Maintain attention and concentration for extended periods," and (4) "Sustain an ordinary routine without special supervision." Dr. Legum found

3

Nation to be "good" in numbers one through three, and "fair" as to number four.

This series of questions is almost identical to question 11 of the MRFC form.

Additionally, Dr. Legum noted on the Work-Related Form that the Minnesota

Multiphasic Personality Inventory profile suggested Nation was exaggerating his

symptoms.

In addition to the Work-Related Form, there were two MRFC forms

completed by other physicians, Dr. Legum's and Jennings's report of Nation's

consultation with them, and Dr. David's completed MRFC form. This record was

sufficient for the ALJ to arrive at his conclusion. *See Wilson*, 179 F.3d at 1278.

We conclude the ALJ fully and fairly developed the record, despite not requesting

Dr. Legum to complete a MRFC form. *See Cowart*, 662 F.2d at 735.

B. *ALJ's hypothetical*

Nation contends the ALJ's hypothetical was defective because it failed to

include the MRFC forms completed by the state consultants. The state consultants

opined Nation had a moderate ability to maintain concentration for extended

periods of time, to complete a normal workday/workweek, to perform activities in

a schedule, and to maintain a regular schedule.

An ALJ asks hypotheticals posing the limitations the ALJ found severe. *See*

*Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985). Here, based on

Nation's testimony and the medical reports of the physicians, the ALJ found Nation had the residual functional capacity to lift 25 pounds, get along with coworkers, work with the public, set goals, complete a normal workweek, be punctual and dependable not missing more than 1 or 2 days per month, and could do tasks involving 1 to 2 steps. The ALJ concluded Nation could perform at least light work. In addition, the ALJ found Nation's borderline intellectual functioning, depression, and migraine headaches to be severe impairments.

Based on these findings the ALJ asked the vocational expert (VE) if there were jobs in the national economy available for an individual that is a younger individual, has a low back disorder that does not preclude lifting less than 20 to 25 pounds, and has episodes of tension headaches. The ALJ modified his hypothetical by adding limitations that mirrored the reports of Dr. Legum and the two state consultants that completed the MRFC forms. Specifically, the ALJ asked about an individual with a moderate inability to be punctual, sustain an ordinary routine, and complete a normal workday and workweek. During the hypothetical, the ALJ, the VE, and Nation's counsel had a discussion concerning the definition of "moderate." The ALJ said moderate is defined as "seriously interfering" with the task. Based on this definition and hypothetical, the VE then listed three jobs available in the national economy for an individual fitting this description.

The hypothetical covered all of the severe impairments and limitations that would be placed on Nation due to these impairments. Therefore, the ALJ's hypothetical was sufficient and was based on facts found on sufficient evidence.

## II. CONCLUSION

The ALJ fully and fairly developed the record regarding Nation's mental capacity and proffered a hypothetical encompassing all of Nation's impairments. Thus, we affirm the Commissioner's denial of Nation's application for benefits.

AFFIRMED.