**Marcello A. FRAZIER, Plaintiff**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**Civil Action No. 05–G–0817–S.**

United States District Court,
N.D. Alabama,
Southern Division.

July 10, 2006.

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, Sherri G. James, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

### *MEMORANDUM OPINION*

GUIN, District Judge.

The plaintiff, Marcello Frazier, brings this action pursuant to the provisions of

section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### Standard of Review

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end, this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

### Statutory and Regulatory Framework

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled as that term is defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define *disabled* as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 20 CFR 404.1505(a). For the purposes of establishing entitlement to disability benefits, *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 CFR 404.1508.

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 CFR 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

> (1) whether the claimant is currently employed;
>
> (2) whether [he] has a severe impairment;
>
> (3) whether [his] impairment meets or equals one listed by the Secretary;
>
> (4) whether the claimant can perform her past work; and
>
> (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir.1993); *accord, McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, [he] will automatically be found disabled if [he] suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform [his] past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope,* at 477; *accord, Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner also bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

### Procedural History and Findings of the ALJ

This case is a discontinuation of benefits case. Mr. Frazier had previously been found disabled on May 27, 1999, with an onset date of April 6, 1997, based on status post-fractures and soft tissue injuries of the left leg and hypertension. R. 329–38. After a series of administrative proceedings, during all of which Mr. Frazier was

pro se, an administrative hearing was held on February 13, 2004, before ALJ Robert Faircloth. At this hearing, Mr. Frazier presented, amidst other evidence, a handful of appointment slips as evidence of his repeated visits to Dr. Walter Mauney. The ALJ told Mr. Frazier that these slips were not sufficient proof of ongoing medical care, but he did give Mr. Frazier an envelope and kept the record open for thirty days to allow Mr. Frazier an opportunity to submit additional medical records. Mr. Frazier did submit some additional medical records from Dr. Mauney, but they were for a period beyond the end date of benefits found by the ALJ.

In his opinion, ALJ Faircloth determined that Mr. Frazier met the first two prongs of the eligibility test. The ALJ concluded that plaintiff's impairments—chronic left leg pain and essential hypertension—were severe but did not meet or equal a listed impairment. The ALJ found that, although medical improvement had occurred, the plaintiff was still unable to perform his past relevant work but was now able to perform sedentary work with a sit/stand option. He found Mr. Frazier's disability ended in August 2002 and that his insured period ended on October 31, 2002.

### Findings and Decision of the Court

Because no showing had been made at any point in the proceedings that medical records existed for the period prior to August 2002, the court ordered plaintiff's counsel to make a proffer before the court would consider remand. Order, May 19, 2006, Doc. 11. This procedure is not usual and was used only because of this case's torturous path through the system. This proffer has been made, and it shows that Mr. Frazier frequently sought medical attention for his chronic leg pain. Doc. 12 in court's docket record.

 The ALJ always has an affirmative duty to develop a fair, full record.

*Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir.1997). "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. This obligation exists even if the claimant is represented by counsel, or has waived the right to representation." *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir.1981). In a pro se proceeding, however, that duty is heightened. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir.1981). The ALJ in this case met neither his ordinary nor his heightened duty. Leaving the record open for later submission of medical records was not sufficient to meet the ALJ's duty here. Review of the hearing transcript makes it plain that Mr. Frazier had little understanding of how to obtain medical records and which medical records were pertinent. This case must be remanded to the Commissioner for consideration of this additional evidence.

Accordingly, the decision of the Commissioner is reversed and the case remanded for further proceedings in conformity with the terms of this opinion. An order in conformity with this Memorandum Opinion will be entered.

### ORDER OF REMAND

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, the court hereby ORDERS, ADJUDGES and DECREES that the decision of the Commissioner of the Social Security Administration be and hereby is **REVERSED,** and the case is **REMANDED** to the Commissioner pursuant to **Sentence Four** of 42 U.S.C. § 405(g) for further proceedings consistent with the Memorandum Opinion entered contemporaneously herewith.

Should this remand result in the award of benefits, plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an

extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*