[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11789
Non-Argument Calendar

_____

D. C. Docket No. 05-01266-CV-ORL-19KRS

ALAN PILNICK,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 26, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Alan Pilnick appeals the district court's order affirming the Commissioner's

denial of his application for disability insurance benefits, 42 U.S.C. § 405(g). He

raises two issues in his brief:

1) "whether the . . . ALJ [the Administrative Law Judge] considered side effects of medications that [Pilnick] was taking as required by 20 C.F.R. [§] 404.1529(c)(3)(iv) and *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)"; and


2) "whether good cause exists to remand the case to the Commissioner because there is new, non-cumulative evidence, that the evidence is material to the issue of whether the ALJ considered the side effects of medications that would change the administrative result, and there is good cause for failure to submit the evidence at the administrative level."

Brief of Appellant at 1.

We conduct a limited review of the ALJ's decision "to determine if it is

supported by substantial evidence and based on proper legal standards." Crawford

v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more

than a scintilla and is such relevant evidence as a reasonable person would accept

as adequate to support a conclusion . . . . Even if the evidence preponderates

against the Commissioner's findings, we must affirm if the decision reached is

supported by substantial evidence." Id. at 1158-59 (quotation and citations

omitted). We do not reweigh the evidence or substitute our judgment for that of

the ALJ. Dyer v. Barnhardt, 395 F.3d 1206, 1210 (11th Cir. 2005). On the other

hand, we will reverse where the ALJ fails to apply the correct law or "provide the

reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." Keeton v. Dep't of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

## I.

The ALJ has the basic obligation to develop the record fully and fairly, although the claimant has the burden of proving that he is under a disability and the responsibility of producing evidence in support. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). With respect to an unrepresented claimant, the ALJ's obligation to develop the record becomes a special duty to "scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts," and to ensure with diligence that favorable and unfavorable facts are elicited. Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997) (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). As a result, where an unrepresented claimant's hearing testimony raises a question as to the side-effects of medications, the ALJ has the special duty to elicit further testimony or otherwise make a finding in regard to such side-effects. Cowart, 662 F.2d at 735. In contrast, where a represented claimant makes a similar statement, but does not otherwise allege that the side-effects contribute to the alleged disability, the ALJ does not err in failing

"to inquire further into possible side[-]effects." Cherry v. Heckler, 760 F.2d 1186, 1191 n.7 (distinguishing Cowart).

Pilnick has not shown that the ALJ failed to apply the correct legal standards, as the circumstances giving rise to a "special duty" in Cowart were not present, and the ALJ cited to the appropriate federal regulations. Moreover, Pilnick has not shown how the ALJ failed to develop a full and fair record such that he was prejudiced due to "evidentiary gaps" on the issue of side-effects. Graham, 129 F.3d at 1423. Finally, the ALJ's decision accounted for the possibility that some of Pilnick's symptoms may have resulted from a reaction to medication and thus effectively summarized the limited medical evidence produced by Pilnick on this issue.

## II.

"Section 405(g) permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" Ingram v. Astrue, No. 06-14602 man. op. at 27 (11th Cir. August 23, 2007). The court may remand a case under sentence six "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Accordingly, sentence six

encompasses only those instances in which "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." Ingram, No. 06-14602 man. op. at 26 (quoting Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990)).

In contrast, under sentence four a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). As a result, when reviewing the final decision of the Commissioner, a court may remand for a rehearing based on new evidence under sentence four when the claimant presents such evidence to the Appeals Council, and the Appeals Council erroneously denies review after considering the new evidence. See Ingram, No. 06-14602 man. op. at 2, 14, 25.

The district court correctly determined that Pilnick's medications form did not warrant remanding this case to the Commissioner. The only information on this form is a list of the medications that Pilnick was prescribed. However, this information was detailed throughout the administrative record and is not "new." Further, while several potential side-effects are also underlined in the attached information on each prescription drug, such as drowsiness, dizziness and blurred

5

vision, these symptoms also are documented in Pilnick's medical records. As a result, the ALJ was aware of the medications Pilnick was taking and the symptoms that he had experienced. In sum, Pilnick has not shown how inclusion of these documents at the administrative level would have changed the result.

AFFIRMED.