[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12457
Non-Argument Calendar

_____

D. C. Docket No. 07-00614-CV-J-25-TEM

LAURA HENDERSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 18, 2009)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Laura Henderson, through counsel, appeals the magistrate judge's decision[1] affirming the Social Security Commissioner's denial of her application for social security income. Henderson asserts the Administrative Law Judge (ALJ) erred by (1) concluding her post-traumatic stress disorder (PTSD) was not a severe mental impairment, and (2) failing to develop a full and fair record. We address each issue in turn, and affirm.[2]

## I.

Henderson contends the ALJ erred by not finding her PTSD to be a severe mental impairment. We decline to address this argument on appeal because Henderson failed to raise it before the district court, instead asserting the ALJ erred by not finding her depression–a distinct mental illness–to be a severe impairment. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

## II.

Henderson argues the ALJ failed to develop a full and fair record. Specifically, she asserts the ALJ's failure to request and obtain an updated mental

---

[1] The parties consented to the magistrate conducting the proceedings and issuing a final judgment, pursuant to 28 U.S.C. § 636(c).

[2] "We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

residual functional capacity (RFC) assessment from Dr. Andres Nazario constitutes reversible error.

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). "Nevertheless, there must be a showing of prejudice before we will . . . remand[] to the [Commissioner] for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).

In this case, Henderson does not explain how the absence of a mental RFC assessment from the record precluded the ALJ from making an informed disability determination. Nor does she explain how such an assessment would have affected the ALJ's overall disability determination. Because Henderson has not shown the requisite prejudice, we affirm.

**AFFIRMED.**