[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14096
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-01533-TGW

RAMSAY ROBINSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 6, 2016)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ramsay Robinson appeals the district court's order affirming the

Commissioner's denial of his application for disability insurance benefits, pursuant

to 42 U.S.C. § 405(g).  Robinson argues that the district court erred in rejecting his claims that: (1) the Administrative Law Judge ("ALJ") failed to state the weight given to the treating physicians' opinions, resulting in a lack of substantial evidence; and (2) the ALJ failed to develop a full and fair record.  After careful review, we affirm.

We normally review the Commissioner's decision for substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla and is the relevant evidence that a reasonable person would accept as adequate to support a conclusion.  Id. We review de novo the district court's decision that substantial evidence supports the ALJ's decision. See Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998).

First, we are unpersuaded by Robinson's claim that the district court erroneously concluded that the ALJ provided substantial evidence for her conclusions and properly stated the weight she gave to the treating physicians' opinions.  It is undisputed that the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor.  Winschel, 631 F.3d at 1179.  However, there is no rigid requirement "that the [ALJ] specifically refer to every piece of evidence in [her] decision," so long as the decision is not "a broad rejection" that leaves the district court or us with insufficient information to conclude whether the ALJ considered the claimant's medical condition as a whole.

2

Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). When the ALJ's articulated reasons for assigning limited weight to a treating physician's opinion are supported by substantial evidence, there is no reversible error. See Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).

Here, Robinson says that one of his diagnoses was rejected without being weighed: "the diagnosis of Dr. Guillermo Allende of chronic post-traumatic headaches, which was bolstered by primary care provider, Dr. Sam Korley, and neurologist, Dr. Hasan Mousli." However, the record reveals that the treating doctors' headache diagnosis was in fact considered by the ALJ, along with contrary evidence, including clean CT scans, discharges from emergency rooms, treatment with Tramadol, and the expectation of improvement by a treating physician. After considering all of this, the ALJ determined that Robinson's headaches were impairments and specifically stated that the impairment was accounted for in the residual functional capacity ("RFC"). The ALJ similarly summarized the medical records for Robinson's alleged spinal impairments, diabetes, and depression -- including Drs. Korley's and Mousli's relevant treatments and diagnoses -- and provided relevant evidence to support her conclusion. Thus, the ALJ articulated reasons supported by substantial evidence for giving limited weight to the treating physicians' opinions. She also provided

3

sufficient information for us to conclude that she considered Robinson's medical condition as a whole.  There is no reversible error on this ground.

We also reject Robinson's claim that the district court erroneously concluded that the ALJ developed a full and fair record concerning Robinson's complaints of right side pain, his testimony of medication side effects, and the effect of the combination of impairments.  We recognize that the ALJ has a basic obligation to develop a full and fair record.  Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  While the ALJ has a duty to develop the record as appropriate, she is not required to order a consultative examination if the record contains sufficient evidence for her to make an informed decision.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007).  In addition, we may conclude that an ALJ properly considered a combination of impairments if the ALJ stated that the appellant is not suffering from any impairment or a combination of impairments of sufficient severity.  Jones v. Dep't of Health & Human Servs., 941 F.2d 1529, 1533 (11th Cir. 1991).

The ALJ must "articulate specific reasons for questioning the claimant's credibility" if subjective symptom testimony is "critical" to the claim.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995).  "The

credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable . . . [us] to conclude that the ALJ considered [the] medical condition as a whole." Dyer, 395 F.3d at 1210 (quotations and alterations omitted).

Here, the ALJ developed a full and fair record and made an informed decision. As for Robinson's complaints of right side and hand pain, the ALJ held that Robinson's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were unsupported by and inconsistent with the objective medical evidence of record, the claimant's own self reporting, and the RFC assessment. The ALJ supported this finding by explaining that Robinson's ability to do daily activities, including his ability to drive 45 minutes, shop at Wal-Mart, go to church, vacuum, do the dishes, cook light meals, and live alone indicated that he was not limited to the "extent one would expect given [his] complaints of disabling symptoms and limitations." The ALJ further explained that in order to qualify for unemployment benefits, which Robinson continued to receive, Robinson had to attest that he was ready, willing and able to work, calling in question his position that he was disabled and unable to work. In fact, Robinson testified that he had applied for jobs as a driver, nursing assistant, roofer, construction worker, and janitor, which all required significant physical exertion and indicated that he was less functionally limited than he

indicated.  The ALJ also acknowledged that Robinson complained of right side body pain, making it difficult to dress and groom, and that the pain allegedly lasted on and off all day.  She accounted for this in the RFC.

On this record, the ALJ's credibility finding concerning Robinson's statements of symptoms -- including those regarding his right hand and side pain -- was articulated with substantial supporting evidence in the record.  Moreover, because the ALJ based her decision rejecting his complaints of right side and hand pain on sufficient evidence, she did not err by not ordering a consulting exam for Robinson's right hand and side pain.

As for Robinson's alleged medication side effects -- which the ALJ did not specifically mention -- the ALJ stated that she had considered all of Robinson's symptoms based on the requirements of 20 C.F.R. § 404.1529 and Social Security Ruling 96-4.  This regulation specifies that any alleged medication side effects must be considered in evaluating the credibility of a claimant's statements concerning his limitations and acknowledged the various medications that the claimant took.  See 20 C.F.R. § 404.1529(c)(3)(iv).  Furthermore, while Robinson testified to medication side effects and reported medication side effects once, he also repeatedly declined to report any medication side effects.  Therefore, the ALJ did not fail to consider Robinson's medication side effects because she said she

was required to do so and because she discredited Robinson's testimony regarding medication side effects when he did not consistently complain of them to doctors.

As for the combined effects of Robinson's impairments, the ALJ acknowledged her obligation to consider them, and found that Robinson did not have a combination of impairments that met a listing. These statements show that the ALJ considered Robinson's impairments in combination.

Accordingly, we affirm the district court's order upholding the decision of the ALJ.

**AFFIRMED**.