[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13309

Non-Argument Calendar

_____

BRIAN JAMES WEIDLICH,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01226-SPF

_____

Before WILSON, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Brian Weidlich appeals a magistrate judge's order[1] affirming the Social Security Administration Commissioner's denial of his claim for a period of disability and disability insurance benefits. After careful review, we reverse.

**I.**

Weidlich, age 51, applied for a period of disability and disability insurance benefits in February 2019, alleging that he had become disabled in October 2018. In his disability application, Weidlich reported insomnia, knee osteoarthritis, a surgically repaired meniscus tear, neck spasms, herniated and bulging discs, and a rotator cuff tear. In October 2020, Weidlich had a hearing before an administrative law judge (ALJ) where Weidlich, his wife, and a vocational expert testified.

In November 2020, the ALJ issued a decision. The ALJ applied the five-step sequential evaluation process in 20 C.F.R. § 404.1520(a)[2] to determine whether Weidlich was

---

[1] Both parties consented to a magistrate judge to conduct a trial and enter a final judgment.

[2] The steps ask whether the claimant (1) is engaged in substantial gainful activity; (2) has a severe medically determinable impairment or combination of impairments; (3) has an impairment that meets or equals a listed impairment and meets the duration requirements; (4) can perform past relevant work, in light of the ALJ's residual functional capacity (RFC) determination; and (5) can

disabled and found the following. First, Weidlich had not engaged in substantial gainful activity since his alleged onset date. Second, Weidlich had two severe impairments: spine disorders and dysfunction of the major joints. Third, Weidlich did not have impairments that met or equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Rather, after considering all the evidence, the ALJ found that Weidlich had the residual functional capacity (RFC) to perform "light work" except he could frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; frequently balance, stoop, kneel, crouch, and crawl; and was limited to frequent in any direction with his left arm.

In determining Weidlich's RFC, the ALJ considered all the evidence. This included (1) Weidlich's testimony detailing his pain following an accident in October 2018; (2) state agency consultants Dr. Phil Matar's and Dr. David Guttman's medical opinions, which the ALJ found supported by the medical evidence, generally consistent with the record, and generally persuasive; and (3) the medical opinion of Dr. Frederick McClimans, Weidlich's treating physician, which the ALJ found to be supported by an August 2019 evaluation, partially consistent with the record, and also generally persuasive.

At step four, the ALJ found that Weidlich was unable to perform any past relevant work as a construction worker. At step five,

---

make an adjustment to other work, in light of her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

the ALJ asked the vocational expert whether jobs existed in the national economy for an individual with Weidlich's age, education, work experience, and RFC. The vocational expert testified that Weidlich could work as a laundry sorter, potato chip sorter, and bottle label inspector. Accordingly, the ALJ found that Weidlich could make a successful adjustment to other work that existed in significant numbers in the national economy, and therefore Weidlich was not disabled from his alleged onset date through the decision date.

Weidlich sought review of the Commissioner's decision in the District Court. In a joint memorandum, Weidlich argued that the ALJ inadequately evaluated Dr. McClimans's medical opinion. The magistrate judge affirmed the Commissioner's decision, finding that (1) Weidlich failed to show that the ALJ erred in evaluating Dr. McClimans's opinion and (2) substantial evidence supported the ALJ's RFC assessment. Weidlich timely appealed.

## II.

We review a social security disability case to determine whether substantial evidence supports the Commissioner's decision and review de novo whether the correct legal standards were applied. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). Substantial evidence is any relevant evidence greater than a scintilla that a reasonable person would accept as adequate to support a conclusion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). If substantial evidence supports the conclusion, we must affirm the ALJ's decision, even if the evidence preponderates against

it. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam). We may not decide the facts anew, make credibility determinations, or reweigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

**III.**

Weidlich argues that the Commissioner's decision should be reversed because the ALJ inadequately evaluated Dr. McClimans's medical opinion. Specifically, Weidlich challenges the ALJ's RFC assessment, asserting that the ALJ failed to incorporate Dr. McClimans's opinion, which the ALJ found generally persuasive and supported. Despite agreeing with Dr. McClimans's opinion that Weidlich "could never lift more than 10 pounds," the ALJ found that Weidlich could perform "light work," which involves lifting up to twenty pounds. Weidlich challenges the ALJ's failure to explain this inconsistency. We agree with Weidlich that the ALJ committed reversible error by not providing a clear explanation for not adopting the limitations outlined in Dr. McClimans's opinion.

Dr. McClimans opined that Weidlich could infrequently lift up to ten pounds, occasionally lift up to five pounds, and never lift more than ten pounds. The ALJ found this opinion generally persuasive, supported by an August 2019 evaluation, and partially consistent with the overall medical records. The ALJ noted a need for "slightly greater limitations" due to ongoing mild weakness in Weidlich's left arm and neck pain, as well as "additional postural and environmental limitations" from orthopedic complaints, including residuals of right knee arthroscopic repair. Despite these

findings, the ALJ concluded that Weidlich had the RFC for "light work," which involves lifting up to 20 pounds. *See* 20 C.F.R. § 404.1567(b).

Social Security Ruling 96-8p (SSR 96-8p) provides that the ALJ must explain and address any conflicts between the RFC and medical opinions. *See* SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996).[3] The ALJ's RFC assessment conflicts with Dr. McClimans's medical opinion, and the absence of a clear explanation violates SSR 96-8p and constitutes reversible error. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). Substantial evidence cannot support the ALJ's decision without a clear explanation. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

While the ALJ hinted at the state agency consultants' opinions being more supported, the overall inconsistency in the ALJ's finding remains unclear. Especially given that the ALJ found Dr. McClimans's opinion equally persuasive and that even "slightly greater limitations" than those stated in Dr. McClimans's opinion were warranted. So despite potential rationale, the absence of a clear explanation renders the ALJ's RFC assessment unsupported by substantial evidence. *See Cowart*, 662 F.2d at 735.

---

[3] Social security rulings are binding on the SSA. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1324 n.12 (11th Cir. 2020). While they do not bind us, we afford them deference. *Id.*

**IV.**

The District Court's decision is **REVERSED**, and the action is **REMANDED** to the District Court with instructions to remand to the Social Security Administration for further proceedings.  The ALJ must explain in writing why he did not adopt the limitations in Dr. McClimans's medical opinion.  Alternatively, the ALJ may reassess Weidlich's RFC and, if necessary, submit a new hypothetical question to a vocational expert to determine whether jobs exist in the national economy for an individual with Weidlich's age, education, work experience, and RFC.  We emphasize that no result is dictated by our remand.