[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15816
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00239-MTT

WALBERT LAWTON,

                                                        Plaintiff-Appellant,

                            versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 22, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Walbert Lawton appeals the district court's order upon administrative review

affirming the Commissioner's denial of disability insurance benefits, 42 U.S.C. §

405(g). On appeal, Lawton argues that: (1) substantial evidence does not support the administrative law judge's ("ALJ's") decision to reject the statement from one of Lawton's treating physicians that Lawton should not lift, push, or pull more than ten pounds; and (2) the ALJ erred when he failed to discuss various medical opinions from Lawton's treating physicians. After careful review, we affirm in part, and reverse and remand in part.

We conduct a limited review of the ALJ's decision to determine whether it is supported by substantial evidence and whether it is based on proper legal standards. Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). Under this standard, we must affirm a decision that is supported by substantial evidence even if the evidence preponderates against the Commissioner's findings. Id. at 1158-59. Substantial evidence is less than a preponderance, and, instead, is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Moreover, we may not reweigh the evidence or substitute our judgment for that of the ALJ. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). On the other hand, we will reverse where the ALJ fails to apply the correct law or to provide us with sufficient reasoning to allow us to determine that the proper legal analysis has been conducted. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

An individual claiming Social Security disability benefits must prove that he is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that he is disabled. Id. A claimant must show that (1) he is not performing substantial gainful activity; (2) he has a severe impairment; (3) the impairment or combination of impairments meets or equals an impairment listed in the regulations, or (4) he cannot return to past work; and (5) he cannot perform other work based on his age, education, and experience. Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520.

The ALJ must determine the claimant's residual functional capacity at both the fourth and fifth steps of the sequential evaluation process. 20 C.F.R. § 404.1520(e). Residual functional capacity is an assessment, based on all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Here, the ALJ found that Lawton retained the residual functional capacity to perform a significant range of light work. However, Lawton argues on appeal that, if the ALJ had properly credited the opinions of his treating physicians, then the ALJ would have concluded that he was limited to sedentary work only.

As an initial matter, the Commissioner argues that Lawton cannot rely on new evidence that he submitted to the Appeals Counsel ("AC") because, on appeal, he has challenged only the ALJ's decision to deny benefits and not the AC's decision to deny review. If a claimant submits new, noncumulative, and material evidence to the AC after the ALJ's decision, the AC shall consider such evidence, but only to the extent that it relates to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. § 404.970(b). "Material" evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987) (quotation omitted). When evidence is submitted for the first time to the AC, that new evidence becomes part of the administrative record. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1067 (11th Cir. 1994). If the claimant challenged both the ALJ's decision to deny benefits and the AC's decision to deny review based on the new evidence, then we will consider whether the new evidence renders the denial of benefits erroneous. Ingram v. Comm'r, 496 F.3d 1253, 1262, 1265-66 (11th Cir. 2007). However, if the claimant challenges only the ALJ's decision to deny benefits, then we will not consider evidence submitted to the AC. Falge v. Apfel, 150 F.3d 1320, 1323-24 (11th Cir. 1998).

4

Here, Lawton's initial brief on appeal contains at most a passing reference to the AC's decision to deny review, and a passing reference is not sufficient to preserve an argument for review. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (explaining that an issue may be deemed abandoned where a party only mentions it in passing, without providing substantive argument in support). Moreover, Lawton's initial brief suggests that he did not intend to challenge the AC's denial of review. Finally, to the extent that Lawton seeks to raise a challenge in his reply brief, arguments raised for the first time in an appellant's reply brief are too late and generally will not be considered. Atwater v. Nat'l Football League Players Ass'n, 626 F.3d 1170, 1177 (11th Cir. 2010). Thus, because Lawton did not challenge the AC's denial of review on appeal, we will review only the evidence that was submitted to the ALJ. See Falge, 150 F.3d at 1323-24.

Turning to Lawton's arguments on appeal, we first reject Lawton's claim that substantial evidence fails to support the ALJ's decision to reject Dr. Appavuchetty Soundappan's assessment that Lawton should not lift, push, or pull more than ten pounds because it did not "reflect the longitudinal history of impairment, treatment, and recovery." The ALJ should consider the following factors when determining what weight to give to a medical opinion: (1) whether the source had examined the claimant; (2) whether the source was a treating physician; (3) the length of the

5

treatment relationship and how often the physician had examined the claimant; (4) the nature and extent of the treatment relationship; (5) whether the medical evidence supports the opinion; (6) consistency; (7) specialization; and (8) other relevant factors. 20 C.F.R. § 404.1527(d). However, the ALJ is not required to explicitly address each of those factors. Rather, the ALJ must provide "good cause" for rejecting a treating physician's medical opinions. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1241; Lewis, 125 F.3d at 1440. However, a non-examining physician's opinion, standing alone, does not constitute substantial evidence for rejecting a treating physician's opinion. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988).

Lawton concedes that the ALJ explained his decision to give little weight to Dr. Soundappan's medical opinion when the ALJ stated that early treatment records did not reflect "the longitudinal history of impairment, treatment and recovery." The ALJ was permitted to discount Dr. Soundappan's opinion based on a finding that it was inconsistent with later medical evidence. See Phillips, 357 F.3d at 1241. Moreover, the record contains substantial evidence supporting the ALJ's

6

determination that Dr. Soundappan's March 2006 opinion did not reflect the overall course of Lawton's injury. While the record does contain some evidence that is contrary to the ALJ's determination, we are not permitted to reweigh the importance attributed to the medical evidence. See Dyer, 395 F.3d at 1210.

However, we are persuaded by Lawton's claim that the ALJ erred when it failed to consider the following opinion evidence from two of his other treating physicians: (1) an unsigned statement by Dr. Vance that Lawton could only engage in sedentary work; (2) Dr. Julian M. Earls's notation in a long-term disability certificate that Lawton could never return to work; and (3) Dr. Earls's notation in the long-term disability certificate that Lawton would need medication, therapy, and injections for the remainder of his life. In order for a statement to be characterized as a "medical opinion," it must be from an acceptable source and address acceptable subject matter. 20 C.F.R. § 404.1527(a)(2). First, a medical opinion must be a statement from a physician, a psychologist, or another "acceptable medical source." Id. Other acceptable medical sources do not include nurses, physicians' assistants, or therapists. See 20 C.F.R. §§ 404.1502 (defining acceptable medical source as those enumerated in § 404.1513(a)); 404.1513(d)(1) (listing medical sources that fell outside of the definition of "acceptable medical source"). Second, the doctor's statement must reflect his judgment about the nature and severity of the claimant's

7

impairments, including his symptoms, diagnosis, and prognosis, what he can still do despite his impairments, and his physical or mental restrictions. Id. § 404.1527(a)(2). A doctor's opinion on dispositive issues reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is not given special weight, even if it is offered by a treating source, but the ALJ should still consider the opinion. Id. § 404.1527(e).

As noted, absent "good cause" to the contrary, an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." Lewis, 125 F.3d at 1440; see also 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). With good cause, an ALJ may disregard a treating physician's opinion, but he must clearly articulate his reasons for doing so. Phillips, 357 F.3d at 1240-41. Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). A statement that the ALJ carefully considered all the testimony and exhibits is not sufficient. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). Without an explanation of the weight accorded by the ALJ, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Id. Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm

8

simply because some rationale might have supported the ALJ's conclusion. <u>Owens v. Heckler</u>, 748 F.2d 1511, 1516 (11th Cir. 1984).

In this case, the ALJ never referenced either of Dr. Earls's opinions that Lawton could never return to work and that he would need medications, therapy, and injections for the remainder of his life, or the unsigned statement of Dr. Vance with the opinion/recommendation that Lawton was limited to sedentary work only. Moreover, both doctors' opinions are contrary to the ALJ's residual functional capacity assessment because both would suggest that Lawton could not engage in a significant range of light work. Thus, it appears that the ALJ did not give them controlling weight. While it is possible that the ALJ considered and rejected these opinions, he provided no explanation for the weight, or lack thereof, that he assigned to those opinions. The ALJ did state that he had considered the opinions of Lawton's treating and examining physicians and incorporated those opinions in his residual functional capacity assessment. However, a statement that the ALJ has considered all of the opinion evidence is not sufficient to discharge his burden to explicitly set forth the weight accorded to that evidence. <u>See</u> <u>Cowart</u>, 662 F.2d at 735. Without a clear explanation of how the ALJ treated those opinions, we cannot determine whether the ALJ's conclusions were rational or supported by substantial evidence. <u>See</u> <u>id.</u>

The Commissioner argues that the ALJ was free to reject the "sedentary work only" notation of Dr. Vance because it was unsigned and, thus, not a medical opinion. However, because the ALJ did not explain why he was rejecting the opinion, this Court cannot determine whether he rejected it for this reason or for some other, unsupportable reason. As for the Commissioner's argument that Dr. Earls's opinion that Lawton could never return to work was an opinion on an issue reserved to the Commissioner and, thus, was not entitled to any special weight, the ALJ never said that he was rejecting Dr. Earls's opinion because it was not a medical opinion. Moreover, while an ALJ is not permitted to give a treating physician's opinion on an issue reserved to the Commissioner controlling weight, he is required to consider it. See 20 C.F.R. § 404.1527(e); see also SSR 96-5p. Although the ALJ is not required to specifically refer to every piece of evidence in the record, Dyer, 395 F.3d at 1211, he is required to explain the weight he afforded to "obviously probative exhibits," Cowart, 662 F.2d at 735 (quotation omitted).

Finally, the Commissioner argues that Dr. Earls's opinion that Lawton would need medications, therapy, and injections for the rest of his life was not inconsistent with the ALJ's discussion and residual functional capacity assessment. But there is no indication in the ALJ's decision that he considered that opinion. Thus, we cannot determine whether the ALJ adequately considered the underlying opinion.

Because the ALJ failed to adequately explain the weight he afforded to the opinions of some of Lawton's treating and examining physicians, we will reverse and remand the case so that the ALJ can explicitly consider, and can explain the weight accorded to, those opinions. See Winschel v. Comm'r, 631 F.3d 1176, 1179 (11th Cir. 2011). Lawton argues that, due to the ALJ's failure to explain the weight he afforded to the opinions of Lawton's treating physicians, the proper remedy is an award of benefits, and not a remand. There is language in MacGregor v. Bowen, 786 F.2d 1050 (11th Cir. 1986), for the proposition that, if an ALJ fails clearly to articulate reasons for discounting the opinion of a treating physician, that evidence must be accepted as true as a matter of law. However, our earlier decisions had remanded cases to the agency when there was a failure to provide an adequate credibility determination. See, e.g., Owens, 748 F.2d at 1516; Wiggins v. Schweiker, 679 F.2d 1387, 1390 (11th Cir. 1982). Pursuant to the prior precedent rule, we are bound by the holding of the first panel to address an issue of law, unless and until it is overruled by this Court sitting en banc or the Supreme Court. United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). Accordingly, rather than broadly accept the doctors' opinions as true, we will remand to the agency so that it can make a determination in the first instance of the proper weight to be afforded to those opinions.

11

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**