[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11492
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cv-01720-JA-KRS

WILLIAM KEVIN SHORT,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 3, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

William Short appeals the district court's order affirming the Social Security

Commissioner's ("Commissioner") denial of his application for disability

insurance benefits and supplemental security income, 42 U.S.C. §§ 405(g), 1383(c)(3) . In denying his applications, the Administrative Law Judge ("ALJ"), found that Short could work a full eight-hour day by alternating between sitting and standing and could do routine, uncomplicated light work. In making these findings, the ALJ in effect rejected the opinions of Short's treating physician, Dr. Robert Martin, who opined that (1) Short could only work six hours in an eight-hour work day and (2) Short frequently experienced headaches severe enough to interfere with the attention and concentration needed to perform even simple tasks. On appeal, Short argues that the ALJ failed to apply the appropriate legal standard to Dr. Martin's opinions, because the ALJ failed to articulate good cause as to why she did not accord those opinions substantial weight. After thorough review, we vacate and remand for the ALJ to state with particularity the weight given to Dr. Martin's opinions and the reasons for that weight.

In a social security case, we review the agency's legal conclusions de novo, and its factual findings to determine whether they are supported by substantial evidence. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as relevant evidence that a reasonable person would accept as adequate to support a conclusion. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). There is no presumption that the agency followed the appropriate

2

legal standards in deciding a claim for benefits or that the legal conclusions reached were valid. Id.

The Social Security regulations outline a five-step process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) whether, based on a residual functional capacity ("RFC") assessment, the claimant can perform any of his past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform, given the claimant's RFC, age, education, and work experience. See Phillips v. Barnhart, 357 F.3d 1232, 1237-39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(1), (4)(i)-(v). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not proceed to the next step. 20 C.F.R. § 416.920(a)(4).

The RFC is an assessment, based upon all relevant evidence, of a claimant's remaining ability to do work despite his impairments. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). When determining a claimant's RFC, the ALJ must give the opinion of a treating physician "substantial or considerable weight unless good cause is shown to the contrary." Phillips, 357 F.3d at 1240 (quotation

3

omitted). Good cause exists when the: (1) treating physician's opinion is not bolstered by the evidence; (2) evidence supports a contrary finding; or (3) treating physician's opinion is conclusory or inconsistent with the doctor's own medical records. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011). If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate the reasons for according that opinion less weight, and the failure to do so is reversible. Lewis, 125 F.3d at 1440.

Without a statement of the weight given to the opinion and the reasons for that weight, it is impossible for a reviewing court to determine if the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for [the] decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of [our] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Cowart, 662 F.2d at 735 (citation and quotation omitted).

Here, the record reveals that the ALJ failed to articulate specific reasons for declining to give Dr. Martin's opinion controlling weight. The ALJ provided only

4

that she accorded "weight" to Dr. Martin's opinion.  While the ALJ did not say whether she accorded Dr. Martin's opinion substantial and considerable weight or a lesser amount, it is apparent that the ALJ accorded less than substantial weight to Dr. Martin's opinion that Short could only stand and/or walk for 2 hours and could sit for 4 hours in an eight hour workday, since Short's RFC contained a contrary finding.  Additionally, the ALJ appeared to reject Dr. Martin's opinion that Short's headaches would interfere with the attention and concentration needed to perform simple work tasks.

To the extent the Commissioner identifies one "articulated" reason that the ALJ did not accord Dr. Martin's opinion controlling weight -- which actually appears to be an articulated reason for crediting Dr. Martin's opinion that Short's concussion was resolved -- we are unpersuaded.  Indeed, it is not clear from the ALJ's decision that this was a clearly articulated reason for discrediting other opinions that Dr. Martin set forth in the RFC Questionnaire.

We are also unconvinced by the Commissioner's argument that substantial evidence in the form of opinions of medical doctors, benign medical findings, and Short's own statements, support the ALJ's findings.  This argument presupposes that the ALJ rejected Dr. Martin's opinions based on that specific evidence (opinions of medical doctors, benign medical findings, and Short's own statements).  Yet, as we've explained, because the ALJ did not state why she

rejected Dr. Martin's opinions, we do not know the basis and cannot determine whether it is supported by substantial evidence.  Cowart, 662 F.2d at 735.

Finally, we reject the Commissioner's argument that requiring more detail from the ALJ would go beyond our precedent.  To begin with, several of the cases the Commissioner cites do not address the threshold requirement that the ALJ state with particularity the weight accorded to a treating physician's opinion.  See Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987); Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991).  Moreover, requiring the ALJ to explain why she did not accord controlling weight to Dr. Martin's two opinions fits squarely within the holding of Winschel.  There, the ALJ only referenced the treating physician, but did not mention the physician's medical opinion or give that opinion considerable weight.  631 F.3d at 1179.  We found that, without clearly articulated grounds for rejecting the opinion, we could not determine whether the ALJ's conclusions were rational and supported by substantial evidence.  Id.  Here, because the ALJ did not articulate grounds for rejecting Dr. Martin's opinions, we encounter the same issue we did in Winschel.

In short, without a clear articulation of the reasons the ALJ rejected Dr. Martin's opinion, it is impossible on review to determine whether the ultimate decision was rational and supported by substantial evidence.  Cowart, 662 F.2d at

6

Accordingly, this case is remanded for the ALJ to state with particularity the weight given to Dr. Martin's opinion and the reasons for that weight.

**VACATED AND REMANDED.**