[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14798
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-23845-JLK

JORGE MARTINEZ,

Plaintiff-Appellant,

versus

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 25, 2016)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jorge Martinez appeals the district court's order affirming the administrative law judge's ("ALJ") denial of disability insurance benefits pursuant to 42 U.S.C. § 405(g).  Martinez makes four arguments on appeal.  He first argues that the ALJ's assessment of his credibility was not supported by substantial evidence.  Second, he argues that the ALJ erred by giving "less than controlling weight" to the opinions of Dr. Ricart, a treating physician.  Third, Martinez argues that the ALJ did not explain the weight given to two medical opinions; failed to adequately explain the reasons for giving little weight to a third medical opinion; and erred in giving little weight to a fourth medical opinion while giving more weight to yet another.  He argues that these errors meant the ALJ's assessment of his residual functional capacity ("RFC") was not supported by substantial evidence.  Finally, Martinez argues that he was denied a fair hearing because the ALJ was biased against his lawyer.  After careful review and consideration of the parties' briefs, we affirm in part and reverse and remand in part.

## I.

Martinez first argues that the ALJ erred in assessing his credibility by basing the finding on inconsistent statements he made about events that spanned nearly seven years.  Martinez suggests instead that his self-reported symptoms were consistent with his own hearing testimony and with his treating psychiatrist's findings.

2

We review an ALJ's decision in a Social Security appeal to determine whether it is supported by substantial evidence in the record and based on proper legal standards. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is evidence that a reasonable person would believe to be adequate to support a conclusion. Id. We do not decide facts de novo, reweigh the evidence, or substitute our judgment for that of the ALJ. Id. We defer to the ALJ's decision if it is supported by substantial evidence, even if the evidence preponderates against it. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam).

Martinez's testimony was inconsistent. Specifically, in reports from March and May of 2008, Martinez said that he took care of his disabled wife, mowed the lawn, performed some household chores, drove a car, shopped for food and household items, and handled finances. However, in a June 2010 administrative hearing, Martinez stated that he drove only occasionally and his wife drove most of the time, that his wife did all of the household chores and shopping, and that his wife paid the bills. This inconsistent testimony is adequate to support the ALJ's credibility determination as to Martinez. We thus affirm the ALJ on this issue.

## II.

Martinez next argues that the ALJ erred by giving "less than controlling weight" to the opinions of Dr. Ricart, a treating physician. He further alleges that

3

the ALJ omitted evidence provided in certain treatment notes from the summary of Dr. Ricart's opinions. Martinez argues that, because of these errors, the ALJ's RFC finding was not supported by substantial evidence.

To receive disability insurance benefits, a claimant must prove he was disabled on or before the last date for which he was insured. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). Social Security regulations determine whether a claimant is disabled based on a "five-step sequential evaluation" that assesses whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a "severe medically determinable physical or mental impairment"; (3) has an impairment that meets both a listing and the duration requirements; (4) can perform his past relevant work in light of his RFC; and (5) can adjust to other work in light of his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). At step four, the ALJ must determine the claimant's RFC before deciding whether he can perform "past relevant work" or other work. See id. § 404.1520(a)(4)(iv)–(v), (e). A claimant's RFC is an assessment of his ability to do work despite his impairments, based on all the relevant evidence. Id. § 404.1545(a)(1). A claimant is not considered disabled at step five if he can make an adjustment to other work, even if he can no longer do past relevant work. Id. § 404.1520(a)(4)(v), (g)(1).

4

Opinions from an "acceptable medical source," including statements from physicians regarding the nature and severity of the claimant's impairments, may support the ALJ's determination of whether a claimant has a severe impairment. See id. § 404.1527(a)(2), (b).  For mental disabilities, acceptable medical sources include licensed physicians or licensed or certified psychologists.  Id. § 404.1513(a)(1)–(2).  The statement must reflect the doctor's judgment about the nature and severity of the impairment, including the claimant's symptoms, diagnosis, and prognosis, what he can still do despite his impairment, and his physical or mental restrictions.  Id. § 404.1527(a)(2).

The ALJ evaluates every medical opinion received and assigns it a particular amount of weight.  See id. § 404.1527(c).  "[C]ontrolling weight" is given to a treating physician's opinion if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  Id. § 404.1527(c)(2).  A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."  Id.  For example, "good cause" may exist where the evidence either does not support the doctor's opinion or supports a contrary finding, or where the

opinion is inconsistent with the doctor's own medical records. Id. "Good cause" is not present where the treating physician's opinion is contradicted by the report of a nonexamining, reviewing physician. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988).

The ALJ erred in giving less than controlling weight to Dr. Ricart's opinions from November 2008, May 2010, and September 2013. Dr. Ricart was Martinez's treating physician, so his opinion is generally entitled to controlling weight unless it is inconsistent with other substantial evidence in the record. See 20 C.F.R. § 404.1527(c)(2). The ALJ found that controlling weight was not appropriate for these opinions because they were contradicted by Dr. Ricart's contemporaneous clinical notes and other statements made by Martinez.

However, the November 2008 opinion does not conflict with other evidence in the record such that good cause exists for giving it less than controlling weight. See Lewis, 125 F.3d at 1440. Dr. Ricart's November 2008 opinion noted that Martinez was "unable to relate to others" and "does not have adequate social skills," such that he had no ability to interact with coworkers or the public. Other record evidence supports this opinion. Contemporaneous treatment records by Dr. Ricart note these same problems with Martinez's social abilities. Martinez also testified that he had difficulty forming relationships with all but a small number of close family members.

6

Neither does Dr. Ricart's May 2010 opinion conflict with contemporaneous treatment records so as to merit less than controlling weight. Dr. Ricart noted in that opinion that Martinez had a "poor" ability in nearly every metric of work functioning, except for his ability to understand, remember, and carry out simple job instructions and his ability to maintain his personal appearance. Dr. Ricart also found that Martinez had intrusive delusional thoughts that interfered with his intellectual abilities and prevented him from behaving in a predictable manner or having social relationships, which interfered with his ability to potentially adjust to a job. The ALJ found that other clinical evaluations contradicted these facts because they showed Martinez had good or fair short-term and long-term memory, was alert, was oriented to person, time, place, and situation, and was well-groomed. But none of these facts conflict with Dr. Ricart's May 2010 opinion or the reasons he gave in that opinion for finding that Martinez was not able to work. To the contrary, they are consistent with Dr. Ricart's decision to rank Martinez "fair" instead of "poor" in the categories of personal appearance and ability to understand, remember, and carry out simple job instructions.

Dr. Ricart's September 2013 opinion should also have been given controlling weight. Dr. Ricart noted there that Martinez had paranoia that interfered with his ability to interact with others and listed him as having a "poor" ability in every metric of work functioning other than his ability to maintain his

7

appearance.  The ALJ found that this opinion was inconsistent with Dr. Ricart's May 2010 opinion because it no longer listed Martinez's ability to understand, remember, and carry out simple job instructions as "fair," and because it conflicted with contemporaneous clinical notes stating that Martinez could be independent in daily living activities and his memory and cognitive functioning were "intact."  The September 2013 opinion is consistent with Dr. Ricart's contemporaneous opinions, which also found that Martinez had difficulty with forming social relationships based on his mental processes.  Though Dr. Ricart found that Martinez had basic memory and cognitive functioning and an ability to engage in basic independent living tasks, this does not conflict with his separate finding that Martinez had a generally poor ability to understand and carry out simple job tasks given the other aspects of his disorder.

Because the ALJ erred in failing to assign controlling weight to Dr. Ricart's November 2008, May 2010, and September 2013 opinions, the RFC was not supported by substantial evidence.  Had the ALJ given these opinions controlling weight, the opinions would have been inconsistent with the ALJ's ultimate finding that Martinez was not disabled.  Dr. Ricart expressly stated in his opinions that Martinez's paranoia and persecutory delusions would impair his work-related activities and personal interactions so that he would be unable to engage in any work-related activities.  This is inconsistent with the limitations the ALJ included

8

in the RFC, which concluded that Martinez was able to respond appropriately to supervision and usual work situations, understand and carry out simple instructions, and to perform simple, routine work.  We reverse and remand on this issue so that the ALJ may properly weigh Dr. Ricart's November 2008, May 2010, and September 2013 opinions in determining Martinez's RFC.

### III.

Martinez next argues that the ALJ erred in assessing the medical opinions in his record.  He alleges three specific errors: First, the ALJ failed to say what weight she gave to the opinions of Dr. Lopez-Brignoni and Dr. Penate.  Second, the ALJ did not adequately explain the reasons for giving little weight to the opinion of Dr. Arias.  Third, the ALJ gave "little" weight to a 2010 reviewing opinion by Dr. Strahl based on a lack of access to later medical records, while giving "some" weight to an earlier 2008 reviewing opinion by another doctor who had even less of the record available on which to base his opinion.  Martinez argues that, as a result of these errors, the ALJ's RFC finding was not supported by substantial evidence.

The ALJ must evaluate every medical opinion received and determine what weight to give to that opinion.  20 C.F.R. § 404.1527.  The ALJ is required to state with particularity the weight given to different medical opinions and the reasons for according that weight.  Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)

9

(per curiam).  "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [the] decision, so long as the ALJ's decision . . . is not a broad rejection" of evidence.  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam).  However, the ALJ must specifically explain the weight given to each "obviously probative exhibit[]" so that this Court can determine "whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (quotation omitted).

In evaluating the proper weight accorded a treating physician's medical opinion, the ALJ must consider: (1) whether the doctor has examined or treated the claimant; (2) the length, nature, and extent of the doctor's relationship with the claimant or the frequency of examination; (3) the amount of evidence and explanation supporting the doctor's opinion; (4) the consistency of the opinion with the record as a whole; (5) the doctor's specialization; and (6) other factors such as how familiar the doctor is with other evidence in the claimant's case record.  See 20 C.F.R. § 404.1527(c).

Martinez failed to show that the ALJ erred by not expressly stating what weight she gave to Dr. Penate's opinion.  The medical records from Dr. Penate contained only general physical information and a referral to Dr. Ricart.  These records did not reflect Dr. Penate's "judgments about the nature and severity of

10

[Martinez's] impairment" as was necessary to qualify as a "medical opinion" to be considered by the ALJ.  20 C.F.R. § 404.1527(a)(2).

On the other hand, the ALJ did err by not stating the weight given to Dr. Lopez-Brignoni's medical opinion.  The ALJ clearly considered several of the findings contained in Dr. Lopez-Brignoni's opinion and appeared to rely on her treatment notes in analyzing whether the evidence supported Martinez's claim for disability insurance benefits.  But the ALJ did not state the weight assigned to that opinion.  This Court thus cannot determine whether the ALJ's decision was supported by substantial evidence.  See Cowart, 662 F.2d at 735.  We reverse and remand on this issue so that the ALJ can state the weight given to Dr. Lopez-Brignoni's opinion and the reasons for according that amount of weight.

Martinez has failed to show that the ALJ erred by giving insufficient reasons for assigning "little" weight to Dr. Arias's opinion.  The ALJ explained that little weight was assigned to Dr. Arias's opinion because it did not include a functional assessment and was inconsistent with the overall record, including statements made by Martinez.  Neither did the ALJ err in giving "little" weight to a 2010 reviewing opinion by Dr. Strahl.  The ALJ properly noted that the opinion was offered in Dr. Strahl's area of specialty, but Dr. Strahl was not a treating or examining physician, and his opinion was inconsistent with the overall record.

11

These were appropriate considerations in assigning weight to the opinions of Drs. Arias and Strahl.  See 20 C.F.R. § 404.1527(c).

IV.

Martinez finally argues that he was denied a fair hearing because the ALJ was biased against his counsel.  He alleges that an audio recording of the hearing includes a rude remark made by the ALJ before the hearing began.  Martinez suggests the ALJ also showed bias by "raising her voice on several occasions throughout the hearing" in response to "reasonable and polite" statements made by his counsel.

A Social Security "claimant is entitled to a hearing that is both full and fair." Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam).  An ALJ must "not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision."  20 C.F.R. § 404.940.  If a claimant objects to a particular ALJ, the claimant must notify the ALJ at the "earliest opportunity."  Id.  If the ALJ does not withdraw, the claimant may seek reconsideration and a new hearing from the Appeals Council after the hearing.  Id.

There is a "presumption of honesty and integrity in those serving as adjudicators."  Withrow v. Larkin, 421 U.S. 35, 47, 95 S. Ct. 1456, 1464 (1975). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a

12

bias or partiality challenge.  They <u>may</u> do so if they reveal an opinion that derives from an extrajudicial source; and they <u>will</u> do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  <u>Liteky v. United States</u>, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).  Bias or partiality are not established by "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display."  <u>Id.</u> at 555–56, 114 S. Ct. at 1157.  Even where a judge is "stern and short-tempered," the judge's "ordinary efforts at courtroom administration" do not demonstrate inappropriate bias.  <u>Id.</u> at 556, 114 S. Ct. at 1157.

To begin, Martinez bases his claim partly upon an audio recording of the hearing that is not part of the certified administrative record.  Though in some instances we may require a supplement to the record that includes this recording, <u>see</u> Fed. R. App. P. 16(b), we need not do so here because even accepting the ALJ's alleged remarks before the hearing, the ALJ's remarks during the hearing do not show demonstrable bias.  The ALJ's comments were at most expressions of impatience and dissatisfaction with statements made by Martinez's counsel in the course of the proceedings, which impacted the ALJ's efforts at courtroom administration.  These comments are not sufficient to establish bias or partiality.  We thus affirm on this issue.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**